IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

INTERNATIONAL PAINTERS AND        *
ALLIED TRADES INDUSTRY PENSION
FUND, ET AL.                      *

   V.                             *    CIVIL NO. WDQ-11-3452

HAMILTON COMMERCIAL GLASS, LLC    *

## REPORT AND RECOMMENDATION

This matter comes before the Court upon motion by plaintiffs International Painters and Allied Trades Industry Pension Fund and Gary J. Meyers, (collectively "plaintiffs") for an entry of default judgment against defendant Hamilton Commercial Glass LLC ("defendant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for failure to appear or otherwise defend in this matter.

Plaintiffs move under Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and the Employee Retirement Income Security Act "("ERISA"), 29 U.S.C. §§ 1145, 1132(g)(2)(A)-(D), for damages for unpaid contributions, liquidated damages, interest, and attorney's fees and costs pursuant to the Collective Bargaining Agreement ("CBA") between the defendant and Local Union 1195 ("Union") (ECF No. 7-2, 1-2).  Plaintiffs also seek injunctive relief in the form of any outstanding monthly remittance reports and an audit of defendant's books and records concerning its obligations to the fund.  (ECF No. 1, 4).

1

Finally, plaintiffs request post-judgment interest and reimbursement of all reasonable attorney's fees and cost incurred in collection and enforcement of this Judgment. (ECF No. 7-2, 24).

This case has been referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636 and Local Rule 301 and 302. For the reasons set forth below, the undersigned recommends that the Court grant the plaintiffs' motion and that damages be awarded as set forth herein.

**Default Judgment Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.

In deciding whether to grant a motion for default judgment, the Court must first consider the following three factors: (1) whether the plaintiff will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3rd Cir. 1987). See also Smith v. Bounds, 813 F.2d 1299 (4th Cir. 1987) (relying on these factors in determining whether a default judgment merited reconsideration).

The Court must also determine whether plaintiff has alleged legitimate causes of action. In reviewing plaintiff's Motion

for Entry of a Default Judgment, the Court accepts as true the
well-pleaded factual allegations in the complaint as to
liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-
81 (4th Cir. 2001).  It, however, remains for the Court to
determine whether these unchallenged factual allegations
constitute a legitimate cause of action.  Id.; see also 10A
WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3rd ed.
Supp. 2010) ("[L]iability is not deemed established simply
because of the default . . . and the Court, in its discretion,
may require some proof of the facts that must be established in
order to determine liability.").

If the Court determines that liability is established, it must
then determine the appropriate amount of damages.  Ryan, 253
F.3d at 780-81.  Unlike allegations of fact, the Court does not
accept allegations regarding damages as true, but rather must
make an independent determination regarding such allegations.
See e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183
F.3d 151, 154 (2nd Cir. 1999).  In so doing, the Court may
conduct an evidentiary hearing.  FED. R. CIV. P. 55(b)(2).  The
Court can also make a determination of damages without a hearing
so long as there is an adequate evidentiary basis in the record
for the award.  See e.g., Stephenson v. El-Batrawi, 524 F.3d
907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing
may constitute an abuse of discretion when the existing record

3

is insufficient to make the necessary findings in support of a

default judgment."); <u>Adkins v. Teseo</u>, 180 F. Supp. 2d 15, 17

(D.D.C. 2001) (finding that a court need not make determination

of damages following entry of default through hearing, but

rather may rely on detailed affidavits or documentary evidence

to determine the appropriate sum).

### Preliminary Factors

The Clerk of court having filed entry of default on February 22,

2012 (ECF No. 6), the undersigned concludes that the procedural

requirements for entry of default judgment have been met.

Moreover, because defendant has failed to file any responsive

pleadings or otherwise show cause as to why default should not

be granted, the Court is "not in a position to judge whether any

delay was the result of culpable misconduct." <u>Sambrick</u>, 834

F.2d at 73. Further, defendant's failure to appear deprived

plaintiffs of any other means of vindicating their claim and

plaintiffs would be prejudiced if default is not granted.

### Causes of Action

Accepting the facts alleged in plaintiffs' complaint as

true, the undersigned finds that plaintiffs' well-pleaded facts

establish liability under LMRA and ERISA.

### LMRA § 301, 29 U.S.C. § 185

"The Labor Management Relations Act, 29 U.S.C. § 185(a),

provides for federal jurisdiction over suits for violation of

contracts between an employer and a labor organizations representing employees in an industry affecting commerce. Employee benefit fund trustees have standing to sue under § 185(a) as third-party beneficiaries of a CBA." Sheet Metal Workers Local 100 (Baltimore Area) Health and Welfare, 2012 WL 1701939 *3 (D. Md. 2012) (internal citations omitted).

Plaintiffs allege that defendant was a party to a CBA with the Union (EFC No. 7-2, 1) requiring payment to the Pension Fund, Annuity Plan, and Pension Plan through the Trust Fund known as the "International Painters and Allied Trades Industry Pension Fund." ("Fund") (ECF No. 7-10, 1). Plaintiffs, as an employee benefit trust fund and trustee, have standing to sue under 29 U.S.C. § 185(a). See Chicago Platering Inst. Pension Trust Fund v. W.A. Duguid, 761 F. Supp. 1345, 1347 n.2 (N.D.Ill. 1991); Schneider v. Moving and Storage Co. v. Robbins, 466 U.S. 370, 370-71 (1984).

**ERISA § 502(g) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145**

Plaintiffs allege that defendant's failure to make the required contributions under the CBA constitute a violation of ERISA § 515. (ECF No. 7-2, 10). ERISA § 515 provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance

with the terms and conditions of such plan or such agreement."
29 U.S.C. § 1145.

   As the Fourth Circuit has noted, "section 515 puts
multiemployer plans in a stronger position than they otherwise
occupy under common law contract principles." Bakery and
Confectionery Union and Industry Int'l Pension Fund v. Ralph's
Grocery Co., 118 F.3d 1018, 1021 (4th Cir. 1997) (citations
omitted).  Specifically, an employer is prohibited from
asserting certain defenses against a multiemployer fund that the
employer might be able to assert against the union itself. See,
e.g., Central States, Southeast and Southwest Areas Pension Fund
v. Gerber Truck Service, Inc., 870 F.2d 1148, 1153 (7th Cir.
1989) (noting that oral agreement to modify the text of a CBA
cannot be enforced against pension plans); Agathos v. Starlight
Motel, 977 F.2d 1500, 1505 (3rd Cir. 1992) (holding that defense
of fraud in the execution cannot be applied to pension funds).
ERISA allows the recovery of damages in an action to enforce the
payment of unpaid contributions. 29 U.S.C. § 1132(g)(2).

   In this case, plaintiffs allege that defendant failed to make
payments to the fund with the remittance report as required by
the CBA and the ERISA.  (ECF No. 1, 4).  Accordingly, plaintiffs
seek to recover for unpaid contributions, interest, liquidated
damages, and attorneys' fees and costs, as well as injunctive

relief in the form of submission of outstanding remittances and an audit of defendant's books and records.  (ECF No. 1, 5).

Based on a review of the allegations and supporting documentation which are undisputed, the Court finds that the allegations establish defendant's liability to plaintiffs under both the ERISA and the LMRA.

### Damages and Injunctive Relief

In an ERISA action brought by a fiduciary for or on behalf of a plan to enforce rights under Section 1145, the statute specifies the damages, including the unpaid contributions, interest on the unpaid contributions, an amount equal to the greater of— interest on the unpaid contributions, or up to twenty (20) percent of the amount of unpaid contributions, reasonable attorney's fees and costs of the action, and other equitable relief as the Court deems appropriate, to be paid by the defendant.  29 U.S.C. § 1132(g)(2).

Plaintiffs submitted the declaration of Thomas C. Montemore in support of their claim for unpaid contributions, interest, and liquidated damages. (ECF No. 7-4).  Plaintiffs also submitted the Local 1195 Labor Contract (ECF No. 7-5), the Agreement and Declaration of Trust of the Pension Fund (ECF No. 7-6), and the International Painters and Allied Trades Industry Pension Plan (ECF No. 7-7).  In support of their request for attorney's fees and costs, plaintiffs submitted the affidavit of Philip A.

7

Lozano (ECF No. 7-8), the itemization of Legal Fees and Costs
(ECF No. 7-9), an Altman Weil Survey of Law Firm Economics (ECF
No. 7-10), and an Ohio State Bar Association survey on Law Firm
Economics (ECF No. 7-11). Plaintiffs' submissions allege that
defendant owes $2,033.20 for unpaid contributions, $406.64 in
liquidated damages, $115.33 in interest, and $6,844.19 in
attorney's fees and costs for a total amount of $9,399.36. (ECF
No. 7-2, 23). Each item of damage sought is discussed in turn.

### Unpaid contributions

On November 30, 2011, plaintiffs filed a complaint in this
Court alleging that the defendant, in violation of the CBA,
failed to make timely payment of fringe benefit contributions,
and seeking an award of those contributions, interest and
liquidated damages in the amount of $5,889.22. (ECF No. 1, 8-
9). The initial amounts the plaintiffs sought were based on
remittance reports (June 2010 through August 2010) without the
corresponding contributions as well as estimates for the period
for which reports were not submitted (March 2011 through June
2011). (ECF No. 7-2, 2).

Subsequent to filing, defendant submitted additional reports
showing that no covered work was performed during the omitted
period. (Id.) On March 22, 2012 plaintiffs filed a Motion for
Default Judgment to recover unpaid contributions for only the
reported but unpaid period from June 2010 through August 2010 in

the amount of $2,033.20.  (ECF No. 7-2, 23).  The undersigned
finds that plaintiffs' request is supported by competent
evidence and recommends an award of $2,033.20 in contributions
as requested.

### Liquidated Damages

The ERISA provides for liquidated damages equal to the
greater of: (1) the accrued interest on the unpaid
contributions; or (2) twenty (20) percent of the unpaid
contributions.  29 U.S.C. § 1132(g)(2).  Plaintiffs have
calculated (and the undersigned has verified) the interest in
accordance with the ERISA at $115.33 and twenty percent of the
unpaid contributions at $406.64.  As the statute provides for
the award of the greater of the two, the undersigned recommends
an award of $406.64 in liquidated damages.

### Interest

ERISA provides for an award of interest on unpaid
contributions "determined by using the rate provided under the
[relevant multiemployer] plan." 29 U.S.C. § 1132(g)(2).
Plaintiffs have calculated (and the undersigned has verified)
the interest under ERISA (ECF No. 7-2, 12) in accordance with 26
U.S.C. § 6621 which provides that interest is calculated at the
Federal short-term rate plus three percent.  26 U.S.C. § 6621.
Accordingly, the undersigned recommends an award of $109.79 in
interest.

## Attorneys' Fees and Costs

"In an ERISA action, a district court may, in its discretion, award costs and reasonable attorneys' fees to either party under 29 U.S.C. § 1132(g)(1), so long as that party has achieved some degree of success on the merits." Williams v. Metropolitan Life Ins. Co., 609 F.3d 622, 634 (4th Cir. 2010) (citations omitted). The ERISA and also the CBA mandate an award of "reasonable" attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

In order to properly determine an award of reasonable attorneys' fees, the court must calculate the "lodestar amount" defined as a "reasonable hourly rate multiplied by hours reasonably expended." Grissom v. Mills Corp., 549 F.3d 313, 320–21 (4th Cir. 2008). The Court determines if fees are appropriate by assessing whether the hours worked were reasonable or includes hours that were unnecessary or duplicative. The Fourth Circuit has adopted the 12 factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (1974) to consider when determining the reasonableness of attorney's fees. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). These include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations

10

imposed by the client or circumstances; (8) the amount
in controversy and the results obtained; (9) the
experience, reputation and ability of the attorney;
(10) the undesirability of the case within the legal
community in which the suit arose; (11) the nature and
length of the professional relationship between
attorney and client; and (12) attorneys' fees awards
in similar cases.

Id.

Plaintiffs' attorneys in this case, billed an hourly rate
of $220 for each of two different attorneys that worked on the
matter and an hourly rate of $70 each for one legal assistant
and one paralegal that worked on the matter.  (ECF No. 7-8, 2).
These fees fall in the middle to high range of the guidelines
set forth for this Court in determining the appropriate hourly
rate for attorneys admitted to the bar for five to eight years
is $165-$250.  Local Rules, App. B.  While these rates are not
binding on the Court, they serve to "provide practical guidance
to lawyers and judges when requesting, challenging and awarding
fees."  Loc. R. App. B n.6.

The itemization of legal fees and costs set forth by the
plaintiffs demonstrates that the work performed included the
following activities: preparing the complaint and related
papers, communicating with the client, co-counsel, and the
process server, and preparing the instant Motion. (ECF No. 7-9,
1-2).  The total hours requested include: 6.5 hours of unbilled
time totaling $1,250 and 27.7 hours of billed time totaling
$4,714.  (ECF No. 7-9).  The costs include postage, photocopies,

computer research and filing fees with a total expense of $880.19.  (ECF No. 7-9).

The hourly rates for attorneys are at the high end of the guidelines set forth in the Local Rules of this Court and should be reduced in light of the attorneys' years of experience and the routine nature of the legal work here.  Given that Mr. Lozano has been admitted to the bar at most six years, I recommend an hourly rate of $200 (the guidelines provide $160-$250 for lawyers with 5-8 years experience), thereby reducing his fees to $4,600.  Given Ms. Cramer's admission to the bar approximately eight years, I would agree with the hourly rate of $220.  Local Rules App. B; see International Painters and Allied Trades Industry Pension Fund v. H.C. Ackerman and Son, 2012 WL 251963 *4 (D.Md. 2012).  However, the undersigned notes that four members of the firm worked on this case (two attorneys and two paralegals), which in the undersigned's view, necessarily resulted in some inefficiencies in the conduct of the litigation.  For example, both associate attorneys worked on the motion for default.  See Exhibit 6 to ECF No. 7-9.  Accordingly, the undersigned would recommend reducing the award of attorneys' fees by 20% to $4403.20, and awarding $880.19 in costs.  With these modifications, the Court finds plaintiffs' request for attorney's fees and costs is reasonable and supported, and therefore recommends an award of $5,283.39.

### Injunctive Relief

ERISA authorizes the Court to provide for other legal or equitable relief as it deems appropriate under 29 U.S.C. 1132(g)(2)(E).  "Equitable relief in this context includes an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records."  International Painters & Allied Trades Industry Pension Fund v. Zak Architectural Metal and Glass, 635 F. Supp.2d 21, 26 (D.D.C. 2009).  Further, the CBA provides that the defendant is subject to audits of its books and records, and is responsible for associated costs. (ECF No. 7-5, 15).  "Because the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process, the court concludes that the injunctive relief the plaintiff requests is appropriate."  Carpenters Labor-Management Pension Fund v. Freeman-Carder LLC, 498 F. Supp.2d 237, 242 (D.D.C. 2007).  The undersigned recommends granting the plaintiffs' request and would direct defendant to submit any outstanding remittance reports and to submit to an audit of its records as specified under the CBA for the associated time periods.

### A.   Conclusion

The undersigned finds that an entry of default judgment is appropriate and recommends that damages be issued for unpaid contributions, liquidated damages, interest, and attorney's fees

and costs in the total amount of $7,833.02. In addition, the

Court recommends injunctive relief for provision of any

outstanding remittances and directs defendant to submit to an

audit of books and records by plaintiffs as specified in the

CBA. Finally, the undersigned finds appropriate post-judgment

interest and reasonable attorney's fees and costs incurred in

the collection of this judgment.


Date: 7/19/12 _____                    _____/s/_____
                                          Susan K. Gauvey
                                          United States Magistrate Judge